IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 14-20030-02-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| ALVIN J. WILLIAMS, | ) | No. 17-2594-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's Motion To Vacate Under 28 U.S.C. § 2255 (Doc. #100) filed October 10, 2017. In the interest of justice, the Court directs the parties to file briefs which are limited to the issue of potential procedural bars to defendant's motion. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, defendant's claims appear to be barred because they are not timely.[1] A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. DeClerck, 252 F. App'x 220, 224 (10th Cir. 2007) (district courts "permitted, but not obliged" to review, *sua sponte*, whether Section 2255

---

[1] Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on January 29, 2015, the Court entered judgment. See Judgment In A Criminal Case (Doc. #87). Defendant did not appeal. Accordingly, under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on February 12, 2015.

motion timely filed); United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it).

**IT IS THEREFORE ORDERED that on or before November 17, 2017, the government shall file a brief which is limited to the issue of potential procedural bars to defendant's Motion To Vacate Under 28 U.S.C. § 2255 (Doc. #100) filed October 10, 2017. On or before December 29, 2017, defendant may file a response brief which is limited to the issue of potential procedural bars to his motion.**

Dated this 25th day of October, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge