## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 14-20030-02-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| ALVIN J. WILLIAMS, | ) | **No. 17-2594-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On October 28, 2014, defendant pled guilty to armed bank robbery and knowingly and intentionally brandishing of a firearm during and in relation to a crime of violence. Plea Agreement (Doc. #66), ¶ 1. On January 15, 2015, the Court sentenced defendant to 114 months in prison. Judgment In A Criminal Case (Doc. #87). This matter is before the Court on defendant's pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #100) filed October 10, 2017. On October 25, 2017, the Court directed the parties to file briefs concerning potential procedural bars to defendant's motion. See Memorandum And Order (Doc. #102). For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

## Factual Background

On March 19, 2014, a grand jury returned an indictment which charged defendant with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (Count 1) and aiding and abetting, knowingly and intentionally brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2). Indictment (Doc. #20). On October 28, 2014, defendant pled guilty to Counts 1 and 2. Plea Agreement (Doc. #66), ¶ 1. In

exchange for defendant's guilty plea, the government agreed to recommend a sentence at the low end of his applicable guideline range, a two-level reduction for acceptance of responsibility and a one-level reduction for entering an early plea.  Id., ¶ 4.  The Court accepted the government's recommendations and sentenced defendant to 114 months in prison – the low end of his sentencing range.  Judgment (Doc. #87); see also Presentence Investigation Report (Doc. #82) filed January 15, 2015, ¶ 51.

On October 10, 2017, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Motion Under 28 U.S.C. § 2255 (Doc. #100).  Defendant asserts that the Court erred when it failed to adopt the holding of Rosemond v. United States, 134 S. Ct. 1240 (2014), and accepted his guilty plea under 18 U.S.C. §§ 924(c) and 2 (Claim 1).  Motion Under 28 U.S.C. § 2255 (Doc. #100) at 7-8.  He also argues that counsel provided ineffective assistance because he failed to object to the Court's sentence based on Rosemond (Claim 2) and relied on his friendship with Assistant United States Attorney Tristram W. Hunt to receive a favorable plea agreement (Claim 3).  Id. at 8-9.  On October 25, 2017, the Court directed the parties to file briefs concerning potential procedural bars to defendant's motion.  See Memorandum And Order (Doc. #102).  On November 14, 2017, the government filed its response brief.  Government's Response To Court's Order (Doc. #105).  The defendant filed his reply on December 29, 2017.  Petitioner's Reply To Government's Response Pursuant To His 28 U.S.C. § 2255 Motion (Doc. #106).

## Analysis

The Court applies a stringent standard of review when analyzing Section 2255 petitions.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

## I.    Timeliness

The government asserts that defendant's claims are barred as untimely.  See Government's Response (Doc. #105) at 2-5.  Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(3).  If defendant does not directly appeal his conviction or sentence, the conviction becomes final upon the expiration of the time to take a direct criminal appeal.  United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006).  On January 29, 2015, the Court entered its judgment against defendant.  See Judgment In A Criminal Case (Doc. #87).  Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on February 12, 2015.  Therefore, defendant had until February 12, 2016 to file a Section 2255 petition. Defendant filed his motion on October 10, 2017.

Under Section 2255(f)(3), the Court can consider a claim which is filed after the one-year deadline, but within one year of when the right asserted was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Defendant asserts that Rosemond, 134 S. Ct. 1240 (2014), retroactively applies to his case.  However, the Supreme Court decided Rosemond on March 5, 2014 – approximately nine months before defendant's sentencing.  Because the Supreme Court decided Rosemond before defendant pled guilty and the Court sentenced him, any newly recognized right would have been established before and protected during defendant's conviction and sentencing.   Thus,  Rosemond  cannot  create  a  new  retroactive  rule  under Section 2255(f)(3).

Defendant also asserts that the Court should toll the statutory deadline for filing a

Section 2255 petition because he is a pro se litigant.  Petitioner's Reply To Government's Response Pursuant To His 28 U.S.C. § 2255 Motion (Doc. #106) at 2.  While courts generally hold pro se litigants to a less stringent standard, the Tenth Circuit has repeatedly stated that parties who proceed pro se "must follow the same rules of procedure that govern other litigants."  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  Defendant's pro se status, alone, does not warrant tolling Section 2255's limitations period.

Further, defendant does not seek to toll the limitations period through a claim of actual innocence.  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling available only in rare and exceptional circumstances such as when prisoner "actually innocent").  Defendant has not presented any factual support for equitable tolling, and the Court finds no basis for such tolling in this case.  Thus, the Court overrules defendant's claims as untimely.[1]

---

[1]    Further, defendant's claims lack merit.  Defendant bases Claims 1 and 2 on Rosemond, which held that liability as an aider and abettor under Section 924(c) requires proof of "foreknowledge that [defendant's] confederate [would] commit the offense with a firearm." 134 S. Ct. at 1249.  Thus, to receive relief under Rosemond, defendant must establish that the Court accepted his plea and sentenced him without proof of his foreknowledge of firearm use.  At his change of plea hearing before Magistrate Judge David J. Waxse, defendant admitted that he knew one of his co-defendants planned to use a firearm during the bank robbery.  Thus, the Court had a sufficient factual basis for accepting defendant's guilty plea and sentencing him under Section 924(c).

In Claim 3, defendant asserts that counsel provided ineffective assistance because he relied on his friendship with AUSA Hunt to receive a favorable plea agreement.  Defendant conclusorily alleges that his counsel failed "to prepare, investigate and challenge an objective fact" during plea negotiations and hearings because counsel had a personal relationship with government counsel. Motion Under 28 U.S.C. § 2255 (Doc. #100) at 8.  In particular, defendant does not establish that counsel performed deficiently in negotiating his plea agreement.  Under the agreement, the government recommended (and received) a three-level guideline reduction and a sentence at the low end of defendant's guideline range.  He also fails to support his general allegations with particular facts warranting an evidentiary hearing.  United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL
(continued...)

**Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.  Accordingly, no evidentiary hearing is required.  See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).[2]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v.

---

[1](...continued)
537866, at *3 (10th Cir. 1997); see Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) (ineffective assistance requires deficient performance and prejudice).  Thus, Claim 3 lacks merit.

[2]        The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

<u>Dretke</u>, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #100) filed October 10, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 23rd day of January, 2018 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge