**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 14-20030-02-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| ALVIN J. WILLIAMS, | ) | No. 18-2356-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On October 28, 2014, defendant pled guilty to armed bank robbery and to aiding and abetting brandishing of a firearm during and in relation to a crime of violence. On January 27, 2015, the Court sentenced defendant to 114 months in prison. This matter is before the Court on defendant's pro se Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And Amendment 794 (Doc. #109) filed June 25, 2018, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

**Factual Background**

On March 19, 2014, a grand jury returned an indictment which charged defendant with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (Count 1) and aiding and abetting, knowingly and intentionally brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2). Indictment (Doc. #20). On October 28, 2014, defendant pled guilty to both counts. In exchange for defendant's guilty plea, the government agreed to recommend a sentence at the low end of the applicable guideline range, a two-level reduction for acceptance of responsibility and a one-level reduction for entering an early plea.

Plea Agreement (Doc. #66), ¶ 4. The Court accepted the government's recommendations and sentenced defendant to 114 months in prison – the low end of his sentencing range. Judgment In A Criminal Case (Doc. #87) filed January 29, 2015.

On October 10, 2017, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserted that the Court erred when it failed to adopt Rosemond v. United States, 134 S. Ct. 1240 (2014), and accepted his guilty plea to aiding and abetting under Count 2. Motion Under 28 U.S.C. § 2255 (Doc. #100) at 7-8. On January 23, 2018, the Court overruled defendant's Section 2255 motion and denied a certificate of appealability. See Memorandum And Order (Doc. #107).

On June 25, 2018, defendant filed a motion to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2). Liberally construed, defendant's motion argues that the Court (1) should reduce his sentence under Amendment 794 to the Sentencing Guidelines and (2) reduce his sentence or vacate his conviction under Count 2.

**Analysis**

Defendant first seeks relief under Amendment 794 to the Sentencing Guidelines, which became effective November 1, 2015. A district court has authority to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2). Amendment 794 provides additional guidance to district courts in determining when a mitigating role adjustment applies under Section 3B1.2 of the Guidelines. See

Amendment 794, Supp. to App. C (Nov. 1, 2015).[1] Unless the United States Sentencing Commission specifically designates the amendment for retroactive application, however, the Court has no authority to apply the amendment to defendant's case under Section 3582(c)(2). See 18

---

[1] In particular, Amendment 794 added commentary to Section 3B1.2 as follows:

**Fact-Based Determination**.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts of the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]

(v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2, cmt. 3(C).

U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement). While certain "clarifying" amendments may be applied retroactively in determining whether the district court correctly sentenced defendant under the Guidelines, defendant must seek relief based on such amendments as a challenge to his sentence on direct appeal or in a motion under Section 2255. United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003). The Court lacks authority to modify a sentence under Section 3582(c)(2) based on a "clarifying" amendment to the Guidelines which the Sentencing Commission has not designated as retroactive. See id.

Defendant also seeks a reduced sentence on Count 2 in light of recent Supreme Court decisions. Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And Amendment 794 (Doc. #109) at 4 (citing Johnson v. United States, 135 S. Ct. 2551 (2015); Welch v. United States, 136 S. Ct. 1257 (2016); Mathis v. United States, 136 S. Ct. 2243 (2016); and Sessions v. Dimaya, 138 S. Ct. 1204 (2018)). None of the cited decisions provide defendant a jurisdictional gateway to relief under Section 3582(c)(2). Defendant essentially asks the Court to vacate his 84-month sentence on Count 2. See Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And Amendment 794 (Doc. #109) at 4 (aiding and abetting charges do not qualify as crimes of violence); id. (noting he had "little to no knowledge as to the crime being committed to aid and abet the primary individual, nor any violence being committed by the Petitioner to warrant a crime of violence"); id. at 5 (requesting reduction from 114 to 30 months based on mitigating role). Defendant's claim for relief in substance and effect asserts federal grounds for relief from his underlying conviction and sentence. Because defendant has

previously sought relief under Section 2255, the Court construes his claim as part of a second or successive Section 2255 motion. See United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion); Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) (motions that assert defect outside context of habeas proceeding constitute second or successive petitions).

Absent authority to consider either of defendant's claims under Section 3582(c), the Court construes defendant's motion to modify and reduce sentence as a second or successive motion under Section 2255. As noted, defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time-barred if filed anew in the proper forum, whether the claims are likely to have merit and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's claims do not satisfy the authorization standards under

Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Here, defendant relies on an amendment to the Sentencing Guidelines and several recent Supreme Court decisions. Defendant has not asserted "newly discovered evidence" or shown that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable.[2] Accordingly, the Court declines to transfer the present motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Modification Or

---

[2] As best the Court can ascertain, defendant argues that in light of recent Supreme Court rulings, aiding and abetting brandishing a firearm during a bank robbery does not qualify as a "crime of violence" under the residual clause of Section 924(c). The residual clause is not at issue in this case because armed bank robbery is a crime of violence within the meaning of Section 924(c)(3)'s elements clause. See United States v. Lloyd, No. 16-2219, 2018 WL 3348991, at *2 (10th Cir. July 9, 2018) (armed bank robbery, which involves use of dangerous weapon or device to either assault person or jeopardize life, is "crime of violence" under elements clause). Moreover, aiding and abetting is not a separate crime, but simply eliminates the legal distinction between principals and aiders and abettors. United States v. Deiter, 890 F.3d 1203, 1216 (10th Cir. 2018). Therefore, to decide whether the elements clause of Section 924(c) is satisfied, the Court looks to the underlying statute of conviction – armed bank robbery – rather than the aiding and abetting statute, 18 U.S.C. § 2. See Dieter, 890 F.3d at 1216. The Supreme Court rulings which defendant cites do not undermine the conclusion that armed bank robbery is a crime of violence under the elements clause of Section 924(c)(3).

Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And Amendment 794 (Doc. #109) filed June 25, 2018, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 17th day of July, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
